UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CVS PHARMACY, INC., <br>         Plaintiff, <br><br> v. <br><br> BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.; CHATTEM, INC.; and GLAXOSMITHKLINE LLC, <br><br>         Defendants, <br><br> and <br><br> CHATTEM, INC., <br><br>         Plaintiff-in-Counterclaim <br><br> v. <br><br> CVS PHARMACY, INC., <br><br>         Defendant-in-Counterclaim | C.A. No. 24-CV-00128-JJM-LDA |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

CVS Pharmacy, Inc. ("CVS"), seeks a declaration, under 28 U.S.C. § 2201 *et seq.*, that Chattem, Inc., and other Defendants, must indemnify CVS and are jointly and severally liable for the defense costs, fees, and expenses CVS incurred from "Zantac lawsuits." ECF No. 1 at 6, ¶¶ 33, 35. In response, Chattem asserts a Counterclaim, seeking a declaratory judgment that affirms Chattem "is not required

to indemnify CVS for legal defense costs, fees and expenses . . . that arise from claims in the Zantac Lawsuits, or any such future lawsuit related to ranitidine products . . . not manufactured or sold by Chattem or Sanofi." ECF No. 24 at 20, ¶ 37. Now, CVS moves to dismiss the Counterclaim, contending that Chattem has failed to state a viable claim against CVS. ECF No. 32.

I. BACKGROUND

Chattem is a consumer health products manufacturer and supplier. ECF No. 24 at 8. Chattem is a subsidiary of Sanofi S.A., one of four companies that sold the over the counter (OTC) medicine Zantac, along with Defendants Boehringer Ingelheim Pharmaceuticals, Inc. ("BI") and Glaxosmithkline LLC ("GSK"), and non-party Pfizer, Inc. ("Pfizer"). ECF No. 24 at 16, ¶ 7. In 2007, Chattem entered into an Indemnification Agreement with retailer CVS, which stated:

> Chattem, Inc. … hereby agrees to defend, indemnify and hold harmless … [CVS] … from or are associated with and against any and all liabilities, losses, claims, and/or costs, including reasonable attorneys' fees, which allegedly result from any defect, alleged or real, in any product, fixture, equipment or item, sold or supplied by [Chattem] to [CVS] … This Indemnification Agreement shall cover all products, fixtures and equipment, items and service which [CVS] has purchased from [Chattem] at any time, whether prior to, or after, the date of the execution of this Agreement by either party hereto, and shall survive the termination of the transaction of business between [Chattem] and [CVS].

ECF No. 32-1 at 12. A decade after Chattem and CVS entered into the Indemnification Agreement, Chattem began supplying Zantac to CVS. ECF No. 34 at 5.[1]

---

[1] Before then, GSK and Pfizer supplied OTC Zantac to CVS from 1995 to 2006 and BI exclusively supplied the drug to CVS from 2006 to 2017. ECF No. 34 at 5.

2

Ultimately, Chattem supplied Zantac to CVS until October 2019, when Sanofi, withdrew Zantac from the U.S. market. *Id.* That same month, the first of thousands of lawsuits related to injuries arising from the ingestion of Zantac and its generic form, ranitidine, was filed. *Id.* CVS and Chattem—along with several retailers, distributors, and manufacturers of Zantac and ranitidine—were named as co-Defendants in these Zantac cases. *Id.* at 5-6. These cases included the United States Judicial Panel on Multidistrict Litigation for Zantac ("MDL" or "Zantac Lawsuits"), which contained more than 2,450 filed cases and about 150,000 claimants. *Id.* at 6.; ECF No. 32-1 at 3. The MDL has since concluded, with all claims against the defendants being dismissed from the MDL without any liability finding. ECF No. 34 at 6. The MDL plaintiffs' appeals of the lawsuits' dismissal are pending before the Eleventh Circuit. *Id.* at 7. Moreover, there are still numerous state court litigations regarding Zantac and ranitidine products that name as defendants CVS, or the Defendants in this case. *Id.*

Under indemnification agreements CVS had with each Defendant here,[2] CVS requested the Defendants to provide it with defense in the Zantac Lawsuits. ECF No. 32-1 at 3. Chattem accepted the request to defend on the express condition that CVS accept "Chattem's right to appoint counsel, control the defense, and otherwise reserved all rights and defenses." ECF No. 34 at 9. Yet CVS rejected Chattem's conditional acceptance. *see id.*, and ultimately had to incur the cost of its defense in

---

[2] CVS entered into indemnification agreements with BI and GSK that were nearly identical with its Indemnification Agreement with Chattem. *See* ECF No. 24 at 17, ¶¶ 21-23.

the Zantac Lawsuits.[3] ECF No. 32-1 at. 3.  Now, CVS seeks indemnity from Chattem for the defense costs, expenses, and fees it incurred from the Zantac Lawsuits.  ECF No. 1 at 5-6, ¶¶ 22-26.

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must present facts that make her claim plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To determine plausibility, the Court must first review the complaint and separate conclusory legal allegations from allegations of fact.  *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013) (citation omitted).  Next, the Court must consider whether the remaining factual allegations give rise to a plausible claim of relief.  *See id.* (citations omitted).

To state a plausible claim, a complaint need not detail factual allegations, but must recite facts sufficient at least to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (citation omitted).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" cannot suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557); *see also Soto-*

---

[3] Defendants BI and GSK purportedly declined to defend CVS in the CVS lawsuits.

*Torres v. Fraticelli*, 654 F.3d 153, 159 (1st Cir. 2011) (internal quotation marks omitted) (citation omitted) ("[C]ombined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.").

## III. DISCUSSION

At issue is whether Chattem has sufficiently stated a claim for a declaratory judgment. The Declaratory Judgment Act provides that "[i]n a case of actual controversy . . . any [federal court] . . . may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  Whether an "actual controversy" has arisen depends on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 916 F.3d 98, 111 (1st Cir. 2019) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, (1941)).

Here, CVS moves to dismiss Chattem's Counterclaim for a declaratory judgment, apparently arguing Chattem has not sufficiently alleged an actual controversy because Chattem has conceded to its duty to defend CVS in the Zantac Lawsuit.  ECF No. 32-1 at 4.  CVS contends Chattem's duty to defend required Chattem to defend CVS on "for all claims"—not just claims based on products that Chattem or Sanofi sold to CVS—and thus CVS is entitled to reimbursement for all its defense costs from Chattem. *Id.* at 5.  Chattem denies the concessions CVS purports, noting that it (1) explicitly denied liability against CVS' claims in its

5

Answer, and (2) has specifically pleaded in its Counterclaim that it has a "legally cognizable interest in determining *whether* and to what extent, if any, Chattem owes indemnity to CVS for legal defense costs . . .." ECF No. 34 at 9-10.  Chattem also asserts that it has sufficiently alleged an actual controversy exists as to the scope of its alleged obligation to indemnify CVS and therefore has plausibly alleged a claim for declaratory judgment. *See id.*

The Court agrees with Chattem, in that is has plausibly alleged an actual controversy exists as to make out a claim for a declaratory judgment. Chattem alleges that the majority of the Zantac Lawsuits involving CVS were based on injuries from ranitidine products that *other* manufacturers supplied to CVS. *See* ECF No. 24 at 19-20 ¶¶ 28,29, 33. Further, Chattem's allegations set forth that CVS is seeking to hold Chattem, BI, and GSK, jointly and severally liable for all the defense costs CVS incurred from the Zantac Lawsuit. *Id.* at 19, ¶ 33. Yet Chattem contends that if it has an obligation to indemnify CVS, such indemnification is limited to defense costs related to claims alleging a defect from products that Chattem or Sanofi manufactured or sold to CVS. *See id.*, ¶ 37. Accepting these well-plead allegations as true, Chattem has plausibly alleged an actual controversy of sufficient immediacy regarding the scope of Chattem's alleged obligation to indemnify CVS. In asking the Court to declare its rights related to that justiciable controversy, Chattem has sufficiently stated a claim for a declaratory judgment under § 2201(a).

## IV.  CONCLUSION

For the reasons stated above, the Court DENIES CVS' Motion to Dismiss (ECF No. 32) Chattem's Counterclaim for a declaratory judgment (Count I).

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

February 6, 2024